CAMBRIDGE WATER WORKS *vs.* SOMERVILLE DYEING AND BLEACHING COMPANY.

A claim against the directors of a manufacturing company under the Rev. Sts. *c.* 38, on the ground that its debts exceed its capital stock, cannot be joined in one bill in equity with a claim against its stockholders under the same chapter, on the ground that the capital stock was not duly paid in and certified.

BILL IN EQUITY in behalf of all the creditors of a manufacturing corporation, subject to the Rev. Sts. *cc.* 38 & 44, against said corporation, its directors and its stockholders, seeking to charge the stockholders on the ground that the capital stock had never been paid in, nor a certificate filed and recorded; and to charge the directors on the ground that the debts of the corporation exceeded its capital stock.

The directors and the stockholders demurred to the bill as multifarious, and for other causes.

*A. H. Fiske, C. Demond & G. H. Preston,* for the defendants, cited Story Eq. Pl. §§ 271–278; Cooper Eq. Pl. 182 *& seq.; Ward* v. *Northumberland,* 2 Anst. 469; *White* v. *Curtis,* 2 Gray, 467; Mitford Eq. Pl. (5th ed.) 181, 183; *Saxton* v. *Davis,* 18 Ves. 80; *West* v. *Randall,* 2 Mason, 181; *Fellows* v. *Fellows,* 4 Cow. 682; *Whaley* v. *Dawson,* 2 Sch. & Lef. 367.

*S. Bartlett & J. M. Pinkerton,* for the plaintiffs, cited *Brinckhenhoff* v. *Brown,* 6 Johns. Ch. 139.

This case was decided in June 1860.

BIGELOW, J.   This bill is clearly multifarious.   It embraces in one suit matters of distinct natures, founded on separate claims to equitable relief against several defendants, which cannot be embraced in one decree.

The liability of some of the defendants as directors of the corporation for an excess of indebtment over the amount of capital stock under Rev. Sts. *c.* 38, § 25, is a proper subject for a bill in equity.   *Merchants' Bank* v. *Stevenson,* 10 Gray,     .   But the remedy is against the directors for a limited amount only, not for the full amount of the debts of the corporation; and its enforcement depends on specific facts wholly independent of any claims against stockholders for the debts of the company.   The relief sought against the directors for this excess cannot be included in one decree with that which the bill claims against the stockholders.   Therefore the court cannot take cognizance of this suit, and administer relief in equity in favor of the plaintiffs against some of the defendants as directors, for permitting the debts to exceed the capital stock; and against others as stockholders, on their joint and several liability for all the debts of the corporation, on the ground that the corporation failed to comply with the provisions of Rev. Sts. *c.* 38, §§ 16, 22.

Until the plaintiffs have elected upon which ground they will proceed with this suit, and have amended their bill accordingly, we cannot know what questions will be material to the decision of the case.   If they elect to prosecute the bill against the directors only, for the excess of indebtment over the capital stock, many of the points argued by counsel will be immaterial.

*Demurrers sustained.*